**Isadore BLAU and Morris J. Levy,
Plaintiffs,**

v.

**TOOL RESEARCH AND ENGINEERING
CORPORATION, Defendant.**

No. 71 Civ. 2439.

United States District Court,
S. D. New York.

Aug. 31, 1971.

---

Morris J. Levy, New York City, for plaintiffs.

Steel & Cohen, New York City, and Nagler & Schneider by Hillel Chodos, Beverly Hills, Cal., for defendant.

## OPINION

TYLER, District Judge.

Defendant moves to dismiss this action for attorneys fees for services rendered in connection with a violation of section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b), on the ground of lack of venue or, in the alternative, to transfer this action to the

Southern District of California pursuant to 28 U.S.C. § 1404(a). Both motions are denied.

Plaintiffs assert venue is proper either under section 27 of the 1934 Act, 15 U.S.C. § 78aa[1] or under 28 U.S.C. § 1391(b)[2] since in addition to this being one of the "remedial incidents" of securities enforcement, Gilson v. Chock Full O'Nuts Corporation, 331 F.2d 107, 109 (2d Cir. 1964), there is also diversity of citizenship and the requisite jurisdictional amount satisfied on the face of the complaint, pursuant to 28 U.S.C. § 1332. I agree.

Gilson v. Chock Full O'Nuts Corporation, *supra*, established that federal jurisdiction is proper in an action for attorneys fees respecting § 16(b) litigation pursuant to the Securities and Exchange Act and, therefore, independent of the concomitants of diversity jurisdiction. It established also that federal and not state law governs. Accordingly, it would seem to follow that the wide choice of venue provided by § 78aa would also be applicable as a further incident of jurisdiction. Thus, for the purpose of determining the propriety of venue in the forum district, the court should refer back to facts of the underlying § 16(b) action, which facts should also be pleaded in the fee action complaint.

The salient fact, conceded here, is that the unlawful insider short-swing transactions were effectuated over the American Stock Exchange, located in the Southern District. Although trading over a national exchange is insufficient to satisfy the transaction of business clause of § 78aa, Gilson v. Pittsburgh Forgings Company, 284 F. Supp. 569 (S.D.N.Y. 1968), it appears settled that the consummation of an illegal short-swing transaction over a national exchange satisfies the "act or transaction constituting the violation" clause (hereinafter, the "violations clause") of § 78aa. Peyser v. Meehan Fund, Inc., 264 F.Supp. 1 (S.D.N.Y. 1966); Sher v. Johnston, 216 F.Supp. 123 (S.D.N.Y. 1963); Blau v. Lamb, 20 F.R.D. 411 (S.D.N.Y. 1957). See also Rothenberg v. Silberman, 278 F.Supp. 116, 119 (S.D.N.Y. 1968).

In opposition, defendant argues that application of the violations clause of § 78aa where the defendant is the innocent beneficiary of the insider's wrongdoing rather than the actual wrongdoer extends the punitive aspect of the broad venue provisions of the Securities and Exchange Act unfairly. In support of this proposition, the considered opinion of this court, by Judge Wyatt, in Gilson v. Pittsburgh Forgings Company, *supra*, is cited.

Although the facts relevant to this motion, and the similar one involved in *Pittsburgh Forgings*, appear to be identical, I do not find support either in Judge Wyatt's published opinion or in his memorandum on reargument, (68 Civ. 589, dated June 6, 1968), for defendant's contention that the possibility of venue under the violations clause was presented to the court and rejected by it. Indeed, Judge Wyatt considered applica-

1. 15 U.S.C. § 78aa provides in pertinent part:
"The district courts of the United States * * * shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this title or the rules and regulations thereunder * * * may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. * * * *"

2. 28 U.S.C. § 1391 provides in pertinent part:
"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

ble the transaction of business clause of § 78aa, surely a broader test of venue than that permitted by 28 U.S.C. § 1391(b). Jacobs v. Tenney, 316 F.Supp. 151 (D.C.Del. 1970); Rothenberg v. Silberman, 278 F.Supp. 116 (S.D.N.Y. 1968); Kane v. Central American Mining & Oil, Inc., 235 F.Supp. 559 (S.D.N.Y. 1964). Also, though this may not be a crucial factor, defendant concedes that execution of the short-swing sale, there in issue, over an exchange located in this district, was not pleaded in the complaint. The defense argument that application of § 78aa to fee actions against beneficiary corporations is undeservedly punitive is undercut, at least to some extent, by the fact that the corporation's refusal to prosecute is a precondition of the derivative 16(b) action upon which the fee application is based. Such punitive effect as exists can also be alleviated, in appropriate cases, by transfer under 28 U.S.C. § 1404(a) "in the interest of justice".

The general venue statute, 28 U.S.C. § 1391, certainly not characterized as punitive, highlights the anomaly inherent in the contended for exception to § 78aa. If this suit were not a remedial incident of a securities violation, plaintiffs could properly assert venue in this district pursuant to § 1391(b), this being the district where the claim for legal fees arose.

Moreover, given the hybrid jurisdictional nature of this action, I would also agree with plaintiffs that § 1391(b) provides an independent alternative basis for venue in this district. In this respect, I am constrained to disagree with Judge Wyatt's disposition in his memorandum on reargument in *Pittsburgh Forgings, supra,* wherein he concluded that the "except as otherwise provided" clause in § 1391(b) disqualifies plaintiff from reliance on that section.

Whereas there appears to exist a proposition that general venue statutes may not be used to enlarge the options provided in special venue acts, the apparent rule depends heavily upon the legislative history of the special act in question. See e. g. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) (venue under Patent Act, 28 U.S.C. § 1400(b) not enlarged by § 1391(c)); General Electric Credit Corporation v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y. 1966) (15 U.S.C. §§ 77v(a) and 78aa of the Securities Act do not supplement or implicitly repeat § 94 of the Banking Act); but contrast, Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966) (§ 1391(c) expands 46 U.S.C. § 688 of the Jones Act. *Fourco, supra,* distinguished). In respect to § 78aa, the issue of enlargement by § 1391(b) is academic, since on its face § 78aa includes and expands all the options provided by § 1391(b). Here, the district where the "claim arose" is more than covered by the "violations" clause of § 78aa. Accordingly, given that there is no incompatability between the two statutes in question, I hold that plaintiffs in this fee action may rely on either one to establish venue in this district.

■ Finally, defendant's case for transfer pursuant to 28 U.S.C. § 1404(a) is not sufficiently compelling to override plaintiffs' choice of forum. Plaintiff Levy will testify at trial, and according to his affidavit, so will plaintiff Blau. Against this, defendant states that it expects to call its treasurer to contest the reasonable value of benefits received in light of the tax consequences to the corporation. Presumably to corroborate or elaborate upon this testimony, defendant expects to call as an expert a partner of Peat, Marwick, Mitchell & Co. based in the latter's Los Angeles office. Additional persons appear to be make-weights in view of the issues involved in this litigation, although no opinion is hereby intended respecting the admissibility of the testimony of any of the proposed defense witnesses. Finally, the documentation necessary to support defendant's position is hardly so voluminous as to make its transportation here an unjust burden.

Motions denied. It is so ordered.