**MED–THERAPY REHABILITATION SERVICES, INC., Plaintiff,**

**v.**

**DIVERSICARE CORPORATION OF AMERICA, Defendant.**

**No. ST–C–91–28–P.**

United States District Court, W.D. North Carolina, Statesville Division.

June 26, 1991.

**514**

Thomas C. Morphis, Tate, Young, Morphis, Bach & Farthing, Hickory, N.C., Michael J. Betts and Mary J. Hackett, Reed Smith Shaw & McClay, Pittsburgh, Pa., for plaintiff.

James C. Smith, Charlotte, N.C., Lin S. Howard, Glenn B. Rose and D. Alexander Fardon, Harwell, Martin & Stegall, Nashville, Tenn., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Defendant's motion, filed May 15, 1991, to dismiss Plaintiff's complaint for lack of personal jurisdiction. On June 17, 1991, Plaintiff filed a response in opposition to the motion. Both parties have filed briefs and affidavits in support of their respective positions.

## I. FACTUAL BACKGROUND.

Plaintiff filed its complaint on April 3, 1991. The complaint alleges that Defendant made misleading and fraudulent representations to Plaintiff in connection with Plaintiff's purchase in April, 1988 of 100% of the stock of National Speech and Hearing Services (hereinafter "National"), a previous wholly owned subsidiary of Defendant. The complaint sets forth five (5) causes of action: (1) violations of the Securities Exchange Act of 1934; (2) violations of the North Carolina Securities Act; (3) common law fraud; (4) negligent misrepresentation and omissions; and (5) breach of contract.

Plaintiff is a North Carolina corporation with its principal place of business in Hickory, North Carolina. Defendant is a Delaware corporation with its principal place of business in Franklin, Tennessee.

In support of its motion to dismiss for lack of personal jurisdiction as provided in Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant states that it has no office in North Carolina, nor does Defendant own real estate in North Carolina, nor does Defendant have any employees located in North Carolina. Defendant also states that it is not licensed or qualified to do business in North Carolina. No representative of Defendant traveled to North Carolina in connection with the sale of National. Defendant contends that all of the face-to-face discussions concerning this transaction occurred at its office in Tennessee, although Plaintiff has introduced evidence indicating one meeting occurred at the Charlotte Airport. Moreover, the closing of the sale occurred at Defendant's office. Finally, the stock purchase agreement is expressly governed by Tennessee law.

## II. DISCUSSION.

Having fully reviewed the briefs of both parties and the affidavits in support of each position, the Court is convinced that jurisdiction is proper in this district pursuant to 15 U.S.C. § 78aa and the North Carolina long-arm statute. The Court's discussion of each basis of jurisdiction follows.

### A. *Jurisdiction under 15 U.S.C. § 78aa.*

When a federal question is presented in a complaint, jurisdiction is conferred on the district court pursuant to 28 U.S.C. § 1331. Authority for federal question jurisdiction, however, is not found exclusively at 28 U.S.C. § 1331. Congress has chosen to confer jurisdiction on the district court within numerous other statutes.

■ The Securities Exchange Act of 1934 contains such a jurisdictional provision at 15 U.S.C. § 78aa. That statute provides in pertinent part:

> The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter ... Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found....

The effect of the statute is to provide nationwide service of process in federal security violation cases. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir.1985); *see also Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir.1979). When service of process can be made nationally, the defendant no longer needs to have minimal contacts with the forum state for purposes of in personam jurisdiction. *See Securities Investor*, 764 F.2d at 1315. Instead, the question becomes whether the party has sufficient contacts with the United States, and not any particular state. *Id.*

■ In this case, Defendant contends that the North Carolina long-arm statute does not confer jurisdiction on this court because it had insufficient contacts with the state. However, the North Carolina long arm statute is largely irrelevant when a cause of action is pleaded pursuant to the Securities Exchange Act of 1934. *See Gilbert v. Bagley*, 492 F.Supp. 714 (M.D.N.C. 1980) ("[D]efendants' assertions with regard to the North Carolina long-arm statute are thus unavailing," where violation of the 1934 Act is charged in the complaint); *Fulk v. Smith*, 88 F.R.D. 153 (M.D.N.C. 1980); *cf. Fitzsimmons*, 589 F.2d at 332 (Illinois long-arm statute irrelevant). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Securities Investor*, 764 F.2d at 1316.

By Defendant's own affidavits, it is apparent that Defendant has numerous contacts with Tennessee. Accordingly, Defendant has minimal contacts with the United States and in personam jurisdiction will lie in this or any other district in connection with the first cause of action. As to the state law claims contained in the remaining four (4) causes of action, those claims are properly before this Court pursuant to the doctrine of pendent jurisdiction. *See Gilbert v. Bagley*, 492 F.Supp. 714 (M.D.N.C. 1980). Therefore, Defendant's motion to dismiss lacks merit and will be denied.

### B. *Jurisdiction under the North Carolina Long Arm Statute.*

Even if jurisdiction was not proper in this district under 15 U.S.C. § 78aa, the case would be properly before the Court pursuant to the North Carolina long arm statute.

■ Rule 12(b)(2) of the Federal Rules of Civil Procedure is applicable to motions to dismiss for lack of jurisdiction over a person. The burden of establishing personal jurisdiction rests with the party asserting it. *See 2A Moore's Federal Practice*, Par. 12.07[2.–2] at 12–55 (1990) (hereinafter "Moore's"). However, if the court decides a motion to dismiss for lack of jurisdiction over a person without an evidentiary hearing based only on the written submissions of the parties, the party asserting jurisdiction need only make a prima facie showing that jurisdiction exists. *Id.* at 12–56; *see*

*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *Dowless v. Warren–Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir.1986); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982). Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing. *See Dowless*, 800 F.2d at 800.

 The allegations of the complaint, unless controverted by opposing affidavits, must be taken as true. *See Thompson*, 755 F.2d at 1165. There is no requirement that the pleadings be verified and no lack of credibility will be implied by the absence of a verification of plaintiff's complaint. *See Dowless*, 800 F.2d at 1307 (citing *Bush v. BASF Wyandotte Corp.*, 64 N.C.App. 41, 45, 306 S.E.2d 562, 565 (1983)). The court may accept affidavits, interrogatories, depositions or any other legitimate method of discovery. *See Thompson*, 755 F.2d at 1165. All conflicts in fact must be resolved in favor of the plaintiff for purposes of determining whether a prima facie showing of personal jurisdiction has been made. *Id.; see also Combs*, 886 F.2d at 676; *Moore's* at 12–56.

The question of jurisdiction over a person must be answered by a two step analysis. *See Dowless*, 800 F.2d at 1306.

 First, the court must determine whether the North Carolina long-arm statute confers personal jurisdiction in the court. *Id.; cf. Thompson*, 755 F.2d at 1165–66 ("[I]t is well settled that a defendant is amenable to the personal jurisdiction of a federal court in a diversity case to the extent permitted a state court in the state where the federal court sits" ... (quoting) *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983)). The Fourth Circuit has held that the statutory provisions be given a liberal construction in order to ensure that North Carolina courts maintain the full jurisdictional powers per-

missible under federal due process. *See Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062 (4th Cir. 1982).

Second, the court must determine whether the exercise of that statutory power will violate the due process clause of the United States Constitution. *Dowless*, 800 F.2d at 1306 (citing *Vishay Intertechnology*, 696 F.2d at 1064; *see also Combs*, 886 F.2d at 675; *Moore's* at 12–60. The United States Supreme Court has held that the due process clause of the federal constitution requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In other words, a defendant should not be surprised by the institution of a lawsuit in a foreign forum where the defendant has purposefully availed itself of the privilege of conducting activities within the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

 This Court has consistently held that it should consider the following factors when determining whether minimum contact with the forum state exists: (1) the quantity of the contacts, (2) the nature and quality of contacts, (3) the source and connection of the cause of action with those contacts, (4) the interests of the forum state and convenience, and (5) whether the defendant invoked benefits and protections of the law of the forum state. *Richmar Development v. Midland Doherty Services*, 717 F.Supp. 1107, 1118 (W.D.N.C. 1989); *Federal Deposit Insurance Corp. v. Kerr*, 637 F.Supp. 828, 839 (W.D.N.C. 1986); *Monroe Hardware Co. v. Robinson*, 621 F.Supp. 1166, 1168 (W.D.N.C. 1985); *Hardin v. DLF Computer Co., Inc.*, 617 F.Supp. 70, 71 (W.D.N.C. 1985).[1] The factors must be analyzed on a

---

**1.** Several North Carolina courts have deemphasized the determination of whether minimum contacts exist. The North Carolina long-arm statute extends to the outer bounds of due process, making analysis under the statute and the

due process clause is one and the same. *See FDIC v. British–American Corp.*, 726 F.Supp. 622, 629 (E.D.N.C. 1989); *Hanes Companies, Inc. v. Ronson*, 712 F.Supp. 1223, 1226 (M.D.N.C. 1988) (holding that long-arm statute "[m]akes

"case-by-case basis, determining what is fair, reasonable, and just according to the circumstances". *Richmar Development,* 717 F.Supp. at 1118 (quoting *Vishay Intertechnology, Inc.,* 696 F.2d at 1068). A single transaction in some instances may be sufficient to satisfy the requisite minimum contacts if it gives rise to the liability asserted in the suit. *Id.; see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 482, 105 S.Ct. 2174, 2187, 85 L.Ed.2d 528 (1985).

■ In this case, the Court believes that the North Carolina long-arm statute confers this Court with jurisdiction of this matter. Sections 1–75.4(5)(a) and (d) of the North Carolina General Statute provide:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

(5) Local Services, Goods or Contracts.—In any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the Plaintiff ...

d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction.

For purposes of both the long-arm statute and due process considerations, numerous North Carolina courts have held that a single contract executed in North Carolina

or to be performed in North Carolina may be a sufficient minimal contact upon which to base in personam jurisdiction. *See First–Citizens Bank & Trust Co. v. McDaniel,* 18 N.C.App. 644, 197 S.E.2d 556 (1973), *overruled on other grounds sub nom., United Buying Group, Inc. v. Coleman,* 296 N.C. 510, 251 S.E.2d 610 (1979); *Byrum v. Register's Truck & Equip. Co.,* 32 N.C.App. 135, 231 S.E.2d 39 (1977); *cf. Staley v. Homeland, Inc.,* 368 F.Supp. 1344 (E.D.N.C. 1974). Where an out-of-state defendant entered into a contract with a North Carolina plaintiff to ship defendant's product to the plaintiff, such acts manifested a willingness for the defendant to conduct business within North Carolina. *See Collector Cars of Nags Head, Inc. v. G.C.S. Electronics,* 82 N.C.App. 579, 347 S.E.2d 74 (1986). Conversely, the North Carolina Supreme Court held that an offer by a nonresident defendant to purchase shirts from a North Carolina manufacturer was sufficient minimal contact with the state to satisfy the long-arm statute. *See Tom Togs, Inc. v. Ben Elias Indus. Corp.,* 318 N.C. 361, 348 S.E.2d 782 (1986); *see also ETR Corp. v. Wilson Welding Serv., Inc.,* 96 N.C.App. 666, 386 S.E.2d 766 (1990). Furthermore, the transfer of large amounts of cash into or out of North Carolina to a nonresident has been deemed a shipment of "things of value" pursuant to § 1–74.4(5)(d), and thus a sufficient minimal contact for purposes of the long-arm statute. *See Church v. Carter,* 94 N.C.App. 286, 380 S.E.2d 167 (1989).

Moreover, Section 1–75.4(4)(a) of the North Carolina General Statute also is applicable to this case. That statute provides:

available to North Carolina courts the full jurisdictional powers permissible under federal due process ... [W]hen a plaintiff relies on (the statute), the question of statutory authority collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process."); *cf. Western Steer–Mom 'N' Pop's, Inc. v. FMT Investments, Inc.,* 578 F.Supp. 260, 264 (W.D.N.C. 1984). Thus, given the liberal construction of the North Carolina long-arm statute, the prevailing law in North Carolina presumes the existence of in personam jurisdic-

tion. *Southern Case, Inc. v. Management Recruiters International, Inc.,* 544 F.Supp. 403, 405 (E.D.N.C. 1982).

It is unclear to the Court whether these cases completely eliminate the need to determine whether minimum contacts with the forum state exists. It does appear to the Court that the Eastern District of North Carolina is correct in concluding that analysis under the long-arm statute and the due process clause is one and the same if the statute extends to the outer bound of due process.

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

(4). Local Injury; Foreign Act.—In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

(a). Solicitation or services activities were carried on within this State by or on behalf of the defendant ...

■ The Fourth Circuit, in a case applying § 1–75.4(4)(a), has held that in order to find personal jurisdiction under this statute a plaintiff (1) must claim that it suffered an injury within North Carolina which injury arose by a defendant's acts outside the state, and (2) must show that the defendant solicited within North Carolina. *See Vishay Intertechnology, Inc.*, 696 F.2d at 1067. In regard to the first requirement, the statute is satisfied if the plaintiff merely *claims* an injury occurred, not that the plaintiff has actually proven the injury. *Id.* As to the second requirement, it is not necessary for the defendant to be physically present in North Carolina to solicit in the state within the meaning of the statute. *Id.* at 1068. Accordingly, where a California defendant sent three (3) letters and made five (5) telephone calls to a North Carolina plaintiff, the Fourth Circuit found that the district court had personal jurisdiction over the defendant pursuant to N.C.Gen.Stat. § 1–75.4(4)(a). *Id.; cf. Dowless*, 800 F.2d at 1306–07 (letter sent by out-of-state defendant to North Carolina plaintiff constituted out-of-state action for purposes for N.C.Gen.Stat. § 1–75.4(4)); *Richmar Development*, 717 F.Supp. at 1117 (stating that numerous phone calls between out-of-state defendant and North Carolina plaintiff constitutes sufficient contact for purposes of personal jurisdiction).

Even though Defendant and its agents were not physically present in the state (with the exception of one meeting at the Charlotte Airport), numerous phone calls and fax transmissions concerning this transaction were made into and out of this district. Moreover, Defendant's wholly owned subsidiary, National, had one dozen employees located in North Carolina and at least 46 contracts with in-state clients. Plaintiff's evidence also demonstrates that Defendant employed a North Carolina broker to assist in the sale of National—evidence of solicitation of business in this state. Based on these significant contacts with the state, the Court cannot conclude that it was reasonable for Defendant to expect that it would not be sued in a North Carolina court. The Court believes the record demonstrates sufficient minimal contact exists between Defendant and North Carolina in order for jurisdiction to be found under the long arm statute. Accordingly, the Court will in the alternative deny Defendant's motion to dismiss based on the long-arm statute.

## III. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion to dismiss Plaintiff's complaint for lack of personal jurisdiction be, and hereby is, DENIED.