A+ NETWORK, INC.

v.

**Jerrold M. SHAPIRO and David Lopez**

No. 3:96–0943.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 19, 1997.

Nancy S. Jones, Nashville, TN, for Plaintiff.

David Lopez, Southampton, NY, pro se.

Jerrold M. Shapiro, Chicago, IL, pro se.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are the following motions: Motion of David Lopez for Dismissal of Complaint (Docket No. 6); Motion of Defendant *Pro Se*, Jerrold M. Shapiro, for Dismissal of the Complaint (Docket No. 12); Motion by Defendant *Pro Se* Jerrold M. Shapiro for Exemption from Local Rule 11 (Docket No. 14); and Motion by Defendant David Lopez, *Pro Se*, for Exemption of Case from Customized Case Management (Docket No. 21).

For the reasons stated herein, the Motion of David Lopez for Dismissal of Complaint (Docket No. 6) is taken under advisement pending the additional filings ordered herein; the Motion of Defendant *Pro Se*, Jerrold M. Shapiro, for Dismissal of the Complaint (Docket No. 12) is taken under advisement pending the additional filings ordered herein; the Motion by Defendant *Pro Se* Jerrold M. Shapiro for Exemption from Local Rule 11 (Docket No. 14) is DENIED; and the Motion by Defendant David Lopez, *Pro Se*, for Exemption of Case from Customized Case Management (Docket No. 21) is DENIED.

Plaintiff brought this action for declaratory judgment on October 16, 1996, alleging jurisdiction under 28 U.S.C. § 1331 and Section 16(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78p.[1] Plaintiff asserts that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa.

This action arises from the claims of Defendants for attorneys' fees pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("the Act") [15 U.S.C. § 78p] and the cases promulgated thereunder. Defendant Lopez is a resident of New York, and Defendant Shapiro is a resident of Illinois. Both represented clients who were shareholders in Plaintiff and who also live in New York and Illinois, respectively.

Plaintiff has declined to pay the attorneys' fees claimed by the Defendants and seeks a ruling from this Court as to whether Defendants are entitled to such fees and, if so, in what amounts.

In November of 1996, Defendants filed a similar action, which is still pending in the U.S. District Court for the Southern District of New York, seeking their attorneys' fees from A+ Network, Inc.[2]

Defendants have moved to dismiss this action for lack of personal jurisdiction and improper venue, asserting that neither has sufficient "minimum contacts" with the State of Tennessee to confer personal jurisdiction; that nothing in the Act, particularly 15 U.S.C. § 78aa, gives this Court personal jurisdiction over them; and that, even if there were personal jurisdiction, venue is improper in this district.

There is no question that this Court has subject matter jurisdiction to hear Plaintiff's lawsuit. Defendants' claims for attorneys' fees arise under a federal statute and create a federal question for decision by this Court.

■■■ The allowance of attorneys' fees is incident to the claim under the Act and payable out of the fund recovered. *Henss v. Schneider*, 132 F.Supp. 60, 63 (S.D.N.Y. 1955). The recovery of attorneys' fees is a "remedial incident" of Section 16(b) of the Act [15 U.S.C. § 78p]. *Gilson v. Chock Full O'Nuts Corp.*, 331 F.2d 107, 109 (2d Cir. 1964); *Lewis v. L.B. Nelson Corp.*, 510 F.Supp. 332, 333 (S.D.N.Y.1980). The Court, within its discretion, may award attorneys' fees to reimburse a stockholder whose investigatory efforts and demands resulted in a benefit to the corporation under the Act. *Dottenheim v. Emerson Electric Mfg. Co.*, 7 F.R.D. 195, 196 (E.D.N.Y.1947).

Jurisdiction and venue under the Act are governed by 15 U.S.C. § 78aa, which provides:

> The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought *in the district wherein any act or transaction constituting the violation occurred.* Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, *may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.*

15 U.S.C. § 78aa (Supp.1997) (emphasis added).

■■■ The effect of this statute is to provide nationwide service of process in federal security violation cases. *Med–Therapy Rehabilitation Services, Inc. v. Diversicare Corp. of America,* 768 F.Supp. 513, 515 (W.D.N.C.1991). When service of process can be made nationally, the defendant no longer needs to have minimal contacts with the forum state for purposes of *in personam* jurisdiction. *Id.* Instead, the question becomes whether the party has sufficient contacts with the United States and not any particular state. *Id.*

1. The Court assumes that Plaintiff meant to allege the jurisdictional statute of the Securities Exchange Act, 15 U.S.C. § 78aa, not 15 U.S.C. § 78p.

2. The New York court stayed that action until March 15, 1997, to allow this Court to rule on the pending motions here. *See* Docket No. 24.

■ In other words, Section 78aa "confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States." *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir.1993).

Therefore, since this claim is remedial and incident to the Act and, thus, arises thereunder; and since Section 78aa confers personal jurisdiction upon Defendants if they have minimum contacts with the United States, which no one disputes; Defendants' Motions to Dismiss for lack of personal jurisdiction must be denied.

■ The next question for consideration is whether venue is proper in this district. The statute provides that venue is proper "in the district wherein any act or transaction constituting the violation occurred" or "in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa (Supp.1997).

The Court finds that Defendants in this case are not "found" in the Middle District of Tennessee, are not "inhabitants" of the Middle District of Tennessee, and do not "transact business" in the Middle District of Tennessee. The Court finds that Defendants' notice of suspected Act violations and their demands for attorneys' fees, faxed or mailed to Plaintiff in Tennessee, do not constitute "transacting business" here for venue purposes.

■ Plaintiff contends that this controversy arose in this district because "it is here that Defendants made their competing claims[3] for attorneys' fees." Plaintiff's Supplemental Brief (Docket No. 17), p. 7. The Court does not believe, however, that these Defendants' actions in relation to Tennessee support venue in this district.

The harder question is whether "any act or transaction constituting the violation" occurred in the Middle District of Tennessee.

Certainly the acts or transactions upon which Defendants' claims for their attorneys' fees are based, their legal services, did not occur in Tennessee; but rather, they occurred in Illinois and New York, respectively, where Defendants and their clients reside.

On the other hand, the "violations" underlying Defendants' claims for attorneys' fees, the "short-swing profits" allegation and investigation from which Plaintiff received a benefit, may or may not have occurred in this district. The parties have not fully addressed this factual issue.

In *Gilson v. Pittsburgh Forgings Co.*, 284 F.Supp. 569 (S.D.N.Y.1968), a case for recovery of attorneys' fees in connection with a corporation's recovery of "short-swing" profits under 15 U.S.C. § 78p, the court held that whether there was proper venue depended upon whether the defendant was found or was an inhabitant or transacted business in that district, as provided in 15 U.S.C. § 78aa. *Id.* at 570. The *Gilson* court never mentioned the possibility that venue could be proper if the act or transaction constituting the violation occurred in that district.

Similarly, in *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558 (S.D.Ohio 1993), the court, finding venue to be improper,[4] held that under 15 U.S.C. § 78aa, venue is proper over claims involving an alleged violation of the Exchange Act in districts "wherein the defendant is found or is an inhabitant or transacts business." *Id.* at 562. Again, the court failed to even mention the other basis for venue.

On the other hand, the clear language of the statute provides that venue is proper "in any such district," referring to "the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa (Supp.1997).

In *Blau v. Tool Research and Engineering Corp.*, 330 F.Supp. 1374 (S.D.N.Y.1971), the court held that for purposes of determining the propriety of venue in an action for attorneys' fees for services rendered in connection with a derivative action for violation of the Act, the court should refer back to the facts of the underlying Securities Act action. *Id.*

---

**3.** Since Defendants have agreed to divide any attorneys' fees which are awarded, their claims are not properly characterized as "competing."

**4.** *United Liberty* did not involve a claim for attorneys' fees; it was a claim for violations of the Act.

at 1375. The court noted that "the wide choice of venue provided by § 78aa would also be applicable as a further incident of jurisdiction." *Id.*

In *Blau*, the forum was not only the district in which the "violations" occurred; it was also the district in which the claim for legal fees arose. Noting that fact, the court referred to the general venue statute, 28 U.S.C. § 1391, stating: "If this suit were not a remedial incident of a securities violation, plaintiffs could properly assert venue in this district pursuant to § 1391(b), this being the district where the claim for legal fees arose." *Id.* at 1376.

Under that reasoning, since this action *is* a remedial incident of a securities violation, and since the more specific venue statute generally controls the more general provisions of 28 U.S.C. § 1391,[5] then the facts upon which this Court should base its venue analysis are not where the legal fees were incurred, but rather where the underlying securities violations took place.

District courts have held that venue is proper "if one act in furtherance of the unlawful scheme is done in the forum district." *Carty v. Health–Chem Corp.*, 567 F.Supp. 1, 3 (E.D.Pa.1982). "If any part of any of these operative acts [violations of the Act] takes place within the forum district, a basis exists for venue under § 27 [15 U.S.C. § 78aa]." *Rothenberg v. Silberman*, 278 F.Supp. 116, 119 (S.D.N.Y.1968).

Accordingly, the Court holds that venue is proper in this Court if any act or transaction constituting the underlying Securities Act violation occurred in this district. As indicated, the parties have not fully addressed this factual issue.

Therefore, the parties shall file with the Court, by the close of business on Tuesday, April 8, 1997, briefs and supporting affidavits, on the limited issue of whether any act or transaction constituting the underlying Securities Act violation occurred in this district. At that time, the Court will resolve the remaining issue and make a final ruling upon Defendants' motions to dismiss.

Defendants' Motions to Exempt this Case from Customized Case Management (Docket Nos. 14 and 21) are DENIED. Defendants, who are lawyers, are attempting to use the *pro se* exception to customized case management in an inappropriate manner. This securities action appropriately belongs in customized case management.

It is so ORDERED.

---

**5.** *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3803 (1986).