SPEIZMAN KNITTING MACHINE CO., a Division of The Contract Knitter, Inc., Plaintiff,

v.

TERROT STRICKMASCHINEN GmBH, Defendant.

No. C–C–80–133.

United States District Court, W. D. North Carolina, Charlotte Division.

Jan. 23, 1981.

Richard A. Bigger, Jr. and L. Holmes Eleazer, Jr., Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, P. A., Charlotte, N. C., for plaintiff.

Fred T. Lowrance, Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N. C., for defendant.

## ORDER

McMILLAN, District Judge.

Defendant has filed a motion to amend the court's order of December 19, 1980, to include a statement that the order is appropriate for interlocutory appeal under 28 U.S.C. § 1292(b). That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Here defendant seeks review of an order denying its motion to dismiss for lack of personal jurisdiction. It cites as the principal question of law whether a parent corporation has sufficient minimum contacts with the State of North Carolina for jurisdictional purposes when its only contact with North Carolina is that it has a wholly-owned subsidiary which is doing business in this state. That question, however, was not the controlling question underlying the order of December 19, 1980.

In denying defendant's motion to dismiss, the court implicitly rejected the contention that it does not have personal jurisdiction over defendant. It did not, however, specify its reasons for finding that personal jurisdiction exists.

The court now finds that it has personal jurisdiction over defendant under North Carolina's Long Arm Statute, N.C.G.S. § 1–75.4(5)(a) & (b). The court therefore need not reach the issue raised by defendant in its motion to amend the order: whether the court has jurisdiction over defendant when defendant's *only* contact with the State of North Carolina is that it has a wholly-owned subsidiary doing business in the state.

Under North Carolina law, this court has jurisdiction over any action which arises "out of a promise, made anywhere to the plaintiff . . . by the defendant . . . to pay for services to be performed in this State by the plaintiff," N.C.G.S. § 1–75.4(5)(a), and over any action which "arises out of services actually performed for the . . . defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the plaintiff." N.C.G.S. § 1–75.4(5)(b). Plaintiff's verified complaint alleges that its agreement with defendant was partially negotiated in North Carolina and was entered into in North Carolina. Plaintiff substantially performed the agreement in North Carolina, which must have been contemplated by defendant.

■ Once it has met the requirements of the North Carolina statute, plaintiff must also satisfy the constitutional requirement of due process by showing that defendant has sufficient minimum contacts with North Carolina. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90

L.Ed. 95 (1945). To establish minimum contacts in North Carolina, a defendant must have availed itself of the privilege of conducting activities within North Carolina, "thus invoking the benefits and protections of its laws." *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 679, 231 S.E.2d 629 (1977).

 In this case, defendant has established minimum contacts with North Carolina by its dealings with plaintiff and with its wholly-owned subsidiary, Terrot Knitting Company, Inc. Plaintiff, a division of a North Carolina corporation, has alleged that it was defendant's exclusive agent in the United States. It sold and serviced defendant's machines throughout the country, including North Carolina. Defendant's dealings with its subsidiary further evince that it has availed itself of the benefits and protections of North Carolina laws. Defendant established the subsidiary in September, 1978, as the exclusive distributor of its machines and parts in the United States. The subsidiary is a North Carolina corporation with offices and a three-person staff in Charlotte. It sells defendant's machines and services them in North Carolina and other states. Although it has not yet sold any machines, about one-third of its $250,000 worth of sales of spare parts have been to North Carolina purchasers. Defendant and its subsidiary share common officers and directors, and Selmar Diete, a director of defendant, is also the president of the subsidiary. Defendant deals with its subsidiary on a regular basis, and it has a direct Telex hookup with its subsidiary. The subsidiary has purchased about 90 percent of its spare parts from defendant on an open account. Thus even if the subsidiary were a totally independent entity, the business dealings between the two corporations would constitute minimum contacts on the part of defendant in North Carolina.

As an alternative basis for jurisdiction, the court finds that jurisdiction over defendant exists through its wholly-owned subsidiary. *See Fieldcrest Mills, Inc. v. Mohasco Corp.*, 442 F.Supp. 424 (M.D.N.C. 1977). This jurisdictional basis, however, is not controlling. Hence it does not provide the controlling question of law necessary for certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff has alleged sufficient facts for the court to determine that personal jurisdiction exists apart from the *Mohasco* theory. A question which requires a factual as well as legal decision is not suitable for interlocutory review. *Johnson v. Alldredge*, 488 F.2d 820, 822 (3rd Cir. 1973), *cert. denied sub nom. Cronrath v. Johnson*, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974).

Since this court as a factual and legal matter has personal jurisdiction over defendant, an interlocutory appeal would be unlikely "materially [to] advance the ultimate termination of the litigation ..." 28 U.S.C. § 1292(b). Allowing such an appeal would only complicate and prolong the litigation.

IT IS THEREFORE ORDERED that defendant's motion to amend the order of December 19, 1980, is denied.