HARRELSON RUBBER COMPANY v. DIXIE TIRE AND FUELS, INC.

No. 8219SC609

(Filed 7 June 1983)

**Constitutional Law § 24.7; Process § 14.3— personal jurisdiction over foreign corporation— statutory authority— minimum contacts**

    In an action to recover royalties due under a franchise agreement, G.S. 55-145(a)(1) and G.S. 1-75.4(5)a. and b. provided statutory authority for the exercise of personal jurisdiction over defendant foreign corporation, and defendant had sufficient minimum contacts with this State so that the exercise of personal jurisdiction over it did not offend due process, where the franchise agreement was made in this State and the parties contemplated that plaintiff would perform services under the agreement within North Carolina.

APPEAL by defendant from *Walker (Hal H.), Judge.* Order entered 2 April 1982 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 21 April 1983.

This is a civil action based on breach of contract in which plaintiff sought an accounting and an injunction.

Defendant, a foreign corporation, filed a motion to dismiss for lack of jurisdiction, alleging insufficient contacts with North Carolina for the State to assert jurisdiction. Judge Walker entered an order denying that motion.

Defendant appeals.

*Smith, Moore, Smith, Schell & Hunter by James A. Medford and Pamela DeAngelis for plaintiff appellee.*

*McNairy, Clifford & Clendenin by Harry N. Clendenin III and Michael R. Nash for defendant appellant.*

BRASWELL, Judge.

Defendant contends that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction. Defendant's

argument is that no allegations in the complaint or in the affidavits submitted by both parties establish defendant had sufficient minimum contacts with the State of North Carolina to satisfy due process requirements of the United States Constitution.

The facts alleged in plaintiff's complaint showed the following: Plaintiff, a Delaware corporation with its principal offices in Asheboro, North Carolina, had developed a process for retreading tires which it termed "Supertread." Defendant, a South Carolina corporation with its principal place of business in Spartanburg, South Carolina, entered into a franchise agreement with plaintiff on 9 December 1974. Defendant contracted to pay plaintiff a 20-cent royalty for each pound of pre-cured tread rubber and cushion gum used in the "Supertread" process. Under the terms of the contract, defendant was free to use other suppliers for these materials, but materials obtained from other suppliers were subject to approval by plaintiff to ensure proper quality control. Defendant agreed to maintain adequate records for determination of the royalties due plaintiff under the contract and agreed to allow plaintiff to inspect these records of account for verification of royalties due, upon adequate notice.

According to the complaint, plaintiff learned defendant was using pre-cured rubber and cushion gum from other sources which had not been approved by plaintiff for use in its retreading process. Defendant was not paying the required royalties on these supplies. Plaintiff requested by letter dated 20 February 1976 that defendant send plaintiff samples of these supplies for testing and remit the royalties due on these materials. Defendant failed to respond.

Plaintiff attempted in December 1981 to audit defendant's records, but was denied access to defendant's place of business to inspect the records.

Plaintiff, by this action filed in January 1982, sought an accounting to determine royalties due for materials purchased from other suppliers and an injunction to stop defendant's use of plaintiff's retreading process until defendant provided the accounting and paid the royalties.

Defendant filed a motion to dismiss challenging North Carolina's jurisdiction over it. The motion to dismiss was sup-

ported by the affidavit of Harry Lancaster, president of defendant corporation. Lancaster stated in the affidavit that defendant was a South Carolina corporation, with all officers and agents in Spartanburg County, South Carolina, and performed all of its business in that county. All of defendant's dealings with plaintiff prior to execution of their franchise agreement had been through R. L. Hawkins, plaintiff's agent, who was a resident of Spartanburg County, and all of their business with plaintiff was transacted in that county. After the franchise agreement was executed, defendant purchased necessary equipment from a Salisbury, North Carolina, machinery company. However, all negotiations and arrangements were made by plaintiff for the equipment purchase in South Carolina and the products were also sold in South Carolina. Lancaster further stated that none of defendant's business relating to this contract was transacted in North Carolina.

Plaintiff submitted in opposition to the motion the affidavit of Albert A. Harrelson, president of the corporate plaintiff. Harrelson stated that plaintiff conducts all of its business from its principal offices and plant in Asheboro, North Carolina, and from its second plant in Siler City, North Carolina. The franchise agreement was executed in the Asheboro offices of plaintiff, under the express terms of the contract stating the agreement became effective and binding on both parties when executed by plaintiff. The agreement also expressly states that North Carolina law is to govern interpretation and construction of the agreement. All services rendered by plaintiff under the franchise agreement were performed and all goods were manufactured and shipped from the Asheboro offices or from one of the two North Carolina plants.

In denying the motion to dismiss, the trial court found that "the Franchise Agreement was made in North Carolina, goods and services were shipped to defendant from North Carolina, and the Franchise Agreement specifically provides that it should be governed by the laws of North Carolina." Being supported by the evidence, these findings showed defendant had sufficient minimum contacts with North Carolina for it to exercise personal jurisdiction and satisfy due process as to appellant. *Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 245 S.E. 2d 229 (1978).

The trial court also concluded that North Carolina had jurisdiction pursuant to both G.S. 1-75.4(5) and G.S. 55-145. Under G.S. 55-145(a), North Carolina has jurisdiction over foreign corporations which are not transacting business in this State in four circumstances:

"(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(1) Out of any contract made in this State or to be performed in this State; or

(2) Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or

(3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or

(4) Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

"While the mere act of entering into a contract with a North Carolina resident does not constitute the necessary minimum contacts for the exercise of jurisdiction over a nonresident [citation omitted] a single contract which was *made* or *was to be performed* in this state is sufficient to subject a nonresident corporation to suit under N.C.G.S. 55-145(a)(1). [Citations omitted.]" *Time Corp. v. Encounter, Inc.*, 50 N.C. App. 467, 471, 274 S.E. 2d 391, 393-94 (1981). A contact with North Carolina "sufficiently substantial" to confer jurisdiction on its courts has been established when

the contract was made in North Carolina or was to be performed in North Carolina. *Goldman v. Parkland,* 277 N.C. 223, 176 S.E. 2d 784 (1970).

Plaintiff's execution of the agreement was the final act necessary for creating a binding agreement, under the express terms of the contract. Defendant first executed the franchise agreement and forwarded it to plaintiff's offices in Asheboro for its execution. The language of the contract discloses that both parties contemplated plaintiff's performing services under the contract within North Carolina. Information on the "Supertread" process was mailed from the Asheboro offices, and materials were to be shipped from the Asheboro and Siler City plants. Materials purchased by defendant from other suppliers were to be shipped to the North Carolina plants for quality control testing. Plaintiff's efforts to improve its retreading process were to be carried out in North Carolina facilities.

We find that the terms of the franchise agreement reveal the contract was made in this State and was to be performed in this State, thus, there were sufficient minimum contacts for due process. Under the terms of G.S. 55-145(a)(1), North Carolina has jurisdiction over defendant.

Additionally, G.S. 1-75.4(5)a. and b. provide statutory authority for the exercise of personal jurisdiction by North Carolina courts in an action which:

"a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant . . . ."

Defendant agreed in the franchise contract to pay plaintiff a 20-cent royalty and service fee on every pound of materials essential to the "Supertread" process, in exchange for plaintiff's development of the process and for technical services plaintiff

would render to defendant. Because this action arose from defendant's failure to pay the promised royalties, jurisdiction also is conferred over defendant under G.S. 1-75.4(5)a. and b. *See Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979). We also note that defendant states in its brief: "The defendant will concede that the North Carolina Long Arm Statutes confer statutory jurisdiction over it."

For the reasons stated, due process has been satisfied. We hold that the trial court did not err in denying defendant's motion to dismiss. The order is

Affirmed.

Judges WEBB and WHICHARD concur.