**William G. HARDIN, Jr. and Charlotte W. Fletcher d/b/a HLC Associates # 1, a partnership, Plaintiffs,**

v.

**DLF COMPUTER COMPANY, INC., Defendants.**

No. C–C–85–0207–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 13, 1985.

Harold J. Bender, Charlotte, N.C., for plaintiffs.

Don Black, Dallas, Tex., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on motion of Defendant to dismiss for lack of personal jurisdiction and for improper venue. The Court heard arguments of Plaintiffs' counsel in open court on September 10, 1985, the date scheduled on the Court's Motion Calendar. Defendant's counsel was not present at that hearing. The Court is informed by the Clerk's Office that a calendar was mailed to Defendant's attorney on August 2, 1985.

The facts of the case revolve around a dispute to a contractual relationship. The Plaintiffs, North Carolina citizens, agreed to sell to the Defendant, a Texas citizen, certain IBM computer equipment which was, at that time, located in Charlotte. There is a dispute as to which party initiated the negotiations. According to Defendant's president, Debbie Flowers, an equipment purchase agreement was prepared by Flowers and mailed to Plaintiffs. The Plaintiffs completed the execution of the contract in Charlotte. The "Terms of Payment" provision of the contract provided that the price of the equipment, $26,475, was to be "paid in full prior to pick up." The equipment was picked up and shipped at the direction of Defendant although no payment was made nor has any payment been made. Before and after delivery of the equipment, it is alleged that the parties had several phone conversations.

The Defendant's company headquarters and only office is in Dallas, Texas. There is no indication that the Defendant maintains any contacts with this forum other than the contractual arrangement which is the subject of this lawsuit.

The question, therefore, before this Court is whether the Defendant's contacts with North Carolina are sufficient for this Court to exercise personal jurisdiction over the Defendant?

The North Carolina Long-Arm Statute provides for in personam jurisdiction over a non-resident defendant

> [i]n any action ... which arises out of a promise, made anywhere to the plaintiff ... by the defendant to deliver or receive within this State, or to ship from this State goods, ... or other things of value.

N.C.Gen.Stat. § 1–75.4.

An alternative statutory ground for finding jurisdiction provides, in part, that

> Every foreign corporation shall be subject to suit in this State ... whether or not ... transacting business in this State ... on any cause of action arising ... out of any contract made in this State or to be performed in this State.

N.C.Gen.Stat. § 55–145(a)(1).

■ There is a clear mandate that the (North Carolina) long-arm statute be given liberal construction, thereby favoring a finding of personal jurisdiction. *Vishay Intertechnology, Inc. v. Delta Int'l. Corp.,* 696 F.2d 1062 (4th Cir.1982).

■ Regardless of the statutory ground, a court cannot expand the permissible scope of state jurisdiction over nonresident parties beyond due process limitations. There must be a showing that the defendant has sufficient minimum contacts with North Carolina. *Speizman Knitting Mach. Co. v. Terrot Strickmaschinen,* 505 F.Supp. 200 (W.D.N.C.1981). The criteria for determining whether minimum contacts exist include: (1) the quantity of contacts, (2) the nature and quality of contacts, (3) the source and connection of the cause of action with those contacts, (4) the interests of the forum state and convenience, and (5) whether the defendant invoked benefits and protections of law of the forum state. *Southern Case, Inc. v. Management Re-*

*cruiters Int'l. Inc.*, 544 F.Supp. 403 (E.D. N.C.1982); *Speizman, supra.*

■ A single contract executed in North Carolina or to be performed in North Carolina may be a sufficient minimal contact in which to base personal jurisdiction. *Byrum v. Register's Truck & Equip. Co.*, 32 N.C.App. 135, 231 S.E.2d 39 (1977). If a contract is to be actually performed in North Carolina and has a substantial connection with this State, jurisdiction will lie. *Staley v. Homeland, Inc.*, 368 F.Supp. 1344 (E.D.N.C.1974).

A recent Fourth Circuit case reversed an Eastern District Court's dismissal for lack of personal jurisdiction over a foreign corporation. *Vishay Intertechnology, Inc. v. Delta Int'l Corp., supra.* The Court, in a unanimous decision, held that due process was not violated regardless of the fact that the defendant only wrote three letters and executed five phone calls to North Carolina and neither maintained a place of business there nor had an agent there. *Id.* at 1068. The defendant was held subject to jurisdiction under N.C.Gen.Stat. §§ 1–75.4(4)(a), 55–145(a)(4). The Court stated that defendant intended forseeable injury to plaintiff in North Carolina and could reasonably expect answering to plaintiff in North Carolina on claims arising out of defendant's North Carolina contacts with defendant and to avail itself of the benefits and protections of North Carolina laws. *Id.*

The North Carolina Court of Appeals has similarly held sufficient minimum contacts existed for asserting personal jurisdiction in the recent case of *Harrelson Rubber Co. v. Dixie Tire and Fuels, Inc.*, 62 N.C.App. 450, 302 S.E.2d 919 (1983). In that case, the contract giving rise to plaintiff's suit was made in North Carolina, the agreement provided that it should be governed by North Carolina law, and the contract was performed in North Carolina by virtue of the plaintiff manufacturing the goods and then shipping them to out-of-state defendant. Citing N.C.Gen.Stat. § 55–145(a)(1), the court held that "a single contract which was made or was to be performed in this state is sufficient to subject a nonresident corporation to suit." *Id.* at 302 S.E.2d 921.

In the instant case, Defendant seeks a dismissal for lack of jurisdiction. Defendant relies on the affidavit of Flowers to factually support its request. The Flowers affidavit indicates that Defendant has no contacts with this forum other than its contractual relationship with Plaintiffs. However, Flowers admits to preparing and mailing a contract to Plaintiffs in Charlotte. Defendant does not deny that it arranged to have the equipment picked up from the Charlotte plant and shipped to Plaintiffs' Dallas office nor does Defendant deny that it engaged in several telephone conversations with Plaintiffs regarding their relationship. Defendant had to know that the contract would be executed in North Carolina, that the subject matter of the contract was in North Carolina, that payment was due in North Carolina before delivery per the contract, and that Defendant would be responsible for picking up the equipment in North Carolina. These facts were part of the purchase agreement.

■ The Plaintiffs' contract action, therefore, arises out of Defendant's promise to receive or ship goods within or from North Carolina, and to make payment to Plaintiffs in North Carolina. Accordingly, N.C.Gen.Stat. §§ 1–75.4, and 55–145(a)(1) provide ample statutory ground for the assertion of personal jurisdiction over Defendant. Furthermore, the Defendant's contacts with North Carolina by virtue of its contractual relationship with Plaintiff are sufficient for a finding of personal jurisdiction without offending due process. *See, Vishay Intertechnology, Inc. v. Delta Int'l Corp., supra; Byrum v. Register's Truck & Equip. Co., supra;* and *Speizman Knitting Mach. Co. v. Terrot Strickmaschinen, supra.*

■ If the basis of federal subject matter jurisdiction is diversity, then the proper venue is the district where the plaintiff resides, or where the defendant resides, or where the claim arose. 28 U.S.C.

§ 1391(a). Venue, therefore, is proper in this forum.

Thus, it is the opinion of the Court that the Defendant is subject to this Court's in personam jurisdiction and that venue here is proper.

IT IS, THEREFORE, ORDERED that:

(1) Defendant's motion to dismiss for lack of jurisdiction is DENIED;

(2) Defendant's motion to dismiss for improper venue is DENIED; and

(3) Defendant file an answer to Plaintiffs' complaint within twenty (20) days of the date of this Order.