**MONROE HARDWARE
COMPANY, Plaintiff,**

v.

**Lewis L. ROBINSON, Jr., and Charles A. Robinson, Partners, trading as Robinson Hardware Company, Defendants.**

**No. C–C–85–574–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 19, 1985.

C. Frank Griffin, Griffin, Caldwell, Helder & Steelman, Monroe, N.C., for plaintiff.

G. Thomas Cooper, Jr., Cooper, Beard & Dibble, Camden, S.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of Defendants for a dismissal of this case on the ground that there exists no personal jurisdiction over Defendants in the Western District of North Carolina. It appears that Defendants have requested a hearing on this matter; however, the Court believes a hearing is unnecessary.

In support of their Motion, Defendants state by way of filed affidavits that they have never done business within the State of North Carolina, either permanently or temporarily.

This case is a suit on an account. The Plaintiff is a North Carolina corporation with its principal offices and place of business in Monroe, North Carolina. The Defendants are citizens and residents of the State of South Carolina and operate a retail hardware store in Camden.

Plaintiff has salesmen who solicit orders from Defendants in South Carolina. The orders are transferred to the wholesale division of Plaintiff in Monroe, North Carolina, and the goods are shipped from there to Camden, South Carolina. The Defendants, Plaintiff alleges, have occasionally picked up goods from Plaintiff's wholesale distribution site in Monroe. The Plaintiff claims that Defendants owe $61,596.52 for goods either shipped from or picked up at its facility in Monroe.

The question before this Court is whether the Defendants' contacts with North Carolina are sufficient for the Court to exercise personal jurisdiction over the Defendants.

The Court may assert jurisdiction over the Defendants only if statutory law provides a ground and if Defendants have such minimum contacts with the State that is fair to require them to defend here. *See, Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062 (4th Cir.1982).

The North Carolina Long-Arm Statute provides for jurisdiction over the parties under the following circumstances:

(5) Local Services, Goods or Contracts—In any action which:

(a) Arises out of a promise, made anywhere to the plaintiff ... by the defendant ... to pay for services to be performed in this state by the plaintiff; or
...

(d) Relates to goods, documents of title or other things of value shipped from this state by plaintiff to the defendant on his order or direction;

N.C.Gen.Stat. § 1–75.4(5)(d).

There is a clear mandate that the North Carolina Long-Arm Statute be given liberal construction, thereby favoring a finding of personal jurisdiction. *Vishay Intertechnology, Inc. v. Delta Int'l. Corp., supra.*

Regardless of the statutory ground, a court cannot expand the permissible scope of state jurisdiction over nonresident parties beyond due process limitations. There must be a showing that the Defendants have sufficient minimum contacts with North Carolina. *Speizman Knitting Mach. Co. v. Terrot Strickmaschinen,* 505

F.Supp. 200 (W.D.N.C.1981). The criteria for determining whether minimum contacts exist include: (1) the quantity of contacts, (2) the nature and quality of contacts, (3) the source and connection of the cause of action with those contacts, (4) the interests of the forum state and convenience, and (5) whether the defendant invoked benefits and protections of law of the forum state. *Southern Case, Inc. v. Management Recruiters, Int'l, Inc.*, 544 F.Supp. 403 (E.D. N.C.1982); *Speizman, supra.*

A contract executed in North Carolina or to be *performed* in North Carolina may be a sufficient minimal contact in which to base personal jurisdiction. *Byrum v. Register's Truck & Equip. Co.*, 32 N.C.App. 135, 231 S.E.2d 39 (1977). If a contract is to be actually performed in North Carolina and has a substantial connection with this State, jurisdiction will lie. *Staley v. Homeland, Inc.*, 368 F.Supp. 1344 (E.D.N.C. 1974).

A recent Fourth Circuit case reversed an Eastern District Court's dismissal for lack of personal jurisdiction over a foreign corporation. *Vishay Intertechnology, Inc. v. Delta Int'l Corp., supra.* The Court, in a unanimous decision, held that due process was not violated regardless of the fact that the defendant only wrote three letters and executed five phone calls to North Carolina and neither maintained a place of business there nor had an agent there. *Id.* at 1068. The defendant was held subject to jurisdiction under N.C.Gen.Stat §§ 1–75.4(4)(a), 55–145(a)(4) (North Carolina's Long-Arm Statute applicable to foreign corporations). The Court stated that defendant intended forseeable injury to plaintiff in North Carolina and could reasonably expect to answer plaintiff in North Carolina on claims arising out of defendant's North Carolina contacts with plaintiff and to avail itself of the benefits and protections of North Carolina laws. *Id.*

The North Carolina Court of Appeals has similarly held sufficient minimum contacts existed for asserting personal jurisdiction in the recent case of *Harrelson Rubber Co. v. Dixie Tire and Fuels, Inc.*, 62 N.C.App. 450, 302 S.E.2d 919 (1983). In that case, the contract giving rise to plaintiff's suit was made in North Carolina, the agreement provided that it should be governed by North Carolina law, and the contract was performed in North Carolina by virtue of the plaintiff manufacturing the goods and then shipping them to out-of-state defendant. Citing N.C.Gen.Stat. § 55–145(a)(1), the court held that "a single contract which was made or was to be performed in this state is sufficient to subject a nonresident corporation to suit." *Id.* 302 S.E.2d at 921.

In the instant case, Defendants rely on their respective affidavits to factually support their request for a dismissal for a lack of jurisdiction. The essence of Defendants' affidavits is that neither have ever done business in the State of North Carolina. The Court finds this premise without merit in light of the copies of accounting records attached to Plaintiff's Complaint, designated "Exhibit A." Those records indicate that Defendants, as South Carolina citizens and residents, have had an on-going and substantial commercial relationship with the Plaintiff. Defendants' statements that they have no business goings-on in this State, without anything more, does not seem logical. True, the Defendants may not have had retail business contacts here, but it appears to the Court that from August 27, 1984 until September 23, 1985, the Defendants had regular business contacts in Monroe, North Carolina, evidenced by well over 100 wholesale purchases they made of Plaintiff's merchandise. Thus, the quantity of contacts with this forum are significant. Further, those contacts are at the base of this controversy, that is, the Defendants' possible liability for the price of the merchandise they ordered from the Plaintiff. There is no question that for over a year the Plaintiff rendered a substantial amount of performance in this forum by regularly shipping to the Defendants the goods which they systematically ordered. *See, Byrum, supra* (single contract to be performed in North Carolina may be sufficient minimal contact); and *Staley, supra* (contract actually performed

in North Carolina and having substantial connection with this State gives rise to personal jurisdiction.)

Furthermore, the Defendants, by carrying on such an extensive and systematic business relationship with the Plaintiff, could reasonably expect answering to the Plaintiff in North Carolina on claims arising out of Defendants' North Carolina contacts with the Plaintiff and to avail themselves of the benefits and protections of North Carolina laws. *See Vishay, supra* at 1068; and *Harrelson Rubber Co., supra* 302 S.E.2d at 921.

Thus, the Court is of the opinion that the Defendants are subject to this Court's *in personam* jurisdiction. IT IS, THEREFORE, ORDERED that Defendants' Motion to dismiss for lack of jurisdiction is DENIED.