Harry DOWLESS, Appellant,

v.

WARREN–RUPP HOUDAILLES,
INC., Appellee,

and

Houdailles Industries, Inc., Defendant.

No. 85–2301.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1986.

Decided Sept. 15, 1986.

Larry L. Coats (David E. Bennett, Mills & Coats, P.A., on brief), for appellant.

Stephen A. Hill (Carl A. Rankin, Pearne, Gordon, Sessions, McCoy, Granger & Tilberry, on brief), for appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

This is an appeal by Harry Dowless ("Dowless") from the dismissal of his action against Warren-Rupp Houdailles, Inc. ("Warren-Rupp"). Dowless sought damages from Warren-Rupp for breach of contract; violations of N.C.Gen.Stat. § 75–1.1 (unfair and deceptive business practices) and N.C.Gen.Stat. § 66–155 (misappropriation of a business secret); and common law unfair competition.[1] The district court dismissed Dowless' complaint against Warren-Rupp for lack of personal jurisdiction. Because we find that the requirements of the North Carolina long-arm statute and due process are satisfied, we reverse.

## I.

Dowless is domiciled in and a resident of North Carolina. Warren-Rupp is a corporation organized under the laws of Ohio and does not maintain a place of business in North Carolina. Warren-Rupp pumps and other products are sold in North Carolina by a distributor, Southern Pump & Tank Company.

On May 31, 1977, Dowless sent a letter to Warren-Rupp in Ohio stating that he had identified a problem with a Warren-Rupp pump and had designed an improvement. Dowless inquired as to Warren-Rupp's desire to learn of this information. Warren-Rupp's president responded that the company was interested in improvements and suggested that Dowless send his idea to the company for evaluation. The president stated that "if we choose to use it, we would reimburse you with some kind of a flat fee." Jt.App. at 15.

Dowless promptly responded to the Warren-Rupp letter by disclosing the pump's problem and improvement idea. Warren-Rupp's president wrote a letter back rejecting the information. Thereafter, Dowless discovered that the Warren-Rupp pump had been manufactured with his improvement idea. He brought this action, and subsequently, it was dismissed for lack of personal jurisdiction over Warren-Rupp. This appeal followed.

## II.

The question of personal jurisdiction must be answered through a two step analysis. The court must determine whether the North Carolina long-arm statute is applicable, and if so, whether the exercise of that statutory power will violate the due process clause of the United States Constitution. *See Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F.2d 1062, 1064 (4th Cir.1982).

Addressing the first step, we find that N.C.Gen.Stat. § 1–75.4(4)(b) permits in per-

---

**1.** Houdailles Industries, Inc. was also a defendant to the original suit, but was subsequently dismissed for failure to state a claim upon which relief could be granted. Dowless did not appeal from this dismissal.

sonam jurisdiction over Warren-Rupp under the facts of this case.[2] Under § 1–75.-4(4)(b), Dowless must claim: (1) "injury to person or property" within North Carolina; (2) arising out of Warren-Rupp's acts outside the state; (3) at or about the time Warren-Rupp's products were being used or consumed within North Carolina in the ordinary course of trade.[3] Dowless has established the existence of jurisdiction by a prima facie showing that these statutory requirements have been met.

■ First, Dowless' claims of injury are sufficient to meet the local injury requisite.[4] *See Vishay*, 696 F.2d at 1067 (alleged violation of N.C.Gen.Stat. § 75–1.1—unfair and deceptive business practices—is claim of injury under § 1–75.4(4)); *Hankins v. Somers*, 39 N.C.App. 617, 251 S.E.2d 640, *cert. denied*, 297 N.C. 300, 254 S.E.2d 920 (1979) (foreigner's misuse of North Carolinian's business secret constitutes local injury under § 1–75.4(4)); *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F.Supp. 1366 (M.D.N.C.1973) (§ 1–75.4 does not exclude intangible injuries; North Carolinian's contract right is a property right and violation thereof causes local injury).[5] Second, this local injury was the result of defendant's actions outside of North Carolina: Warren-Rupp's misappropriation of Dowless' improvement idea occurred in Ohio.

Finally, Dowless has alleged that Warren-Rupp's products were sold and used in North Carolina at the time of injury. Indeed, Warren-Rupp admits this allegation, but argues that the products did not contain the improvement idea. Section 1–75.-4(4) does not require, however, that the pumps being used in North Carolina be the same pumps that have been improved with Dowless' idea. " 'There is no requirement that the cause of action, pursuant to which the jurisdictional claim is raised, be related to the activities of the defendant which gives [sic] rise to the in personam jurisdiction' ". *Hankins*, 39 N.C.App. at 621, 251 S.E.2d at 643 (quoting *Munchak Corp.*, 368 F.Supp. at 1372).

■ Warren-Rupp has failed to contradict by affidavit or otherwise, Dowless' prima facie showing of these statutory requirements. Instead, Warren-Rupp argues that Dowless has failed to present evidence proving the allegations.

Dowless need not present evidence in making a prima facie case to oppose a motion to dismiss. Mere allegations are sufficient to satisfy the statutory requirements of § 1–75.4(4)(b). The "pleadings need not be verified and no lack of credibility will be implied by the absence of a verification of plaintiff's complaint." *Bush v. BASF Wyandotte Corp.*, 64 N.C.App. 41, 45, 306 S.E.2d 562, 565 (1983) (citing *Hankins*, 39 N.C.App. at 619, 251 S.E.2d at 642). Accordingly, Dowless' prima facie showing, with no rebuttal by Warren-Rupp,

---

**2.** Dowless sought personal jurisdiction over Warren-Rupp under several provisions of the North Carolina long-arm statute. Because we find jurisdiction under § 1–75.4(4)(b), it is unnecessary to address whether jurisdiction also exists under the other provisions.

**3.** N.C.Gen.Stat. § 1–75.4(4)(b) reads:

(4) Local Injury; Foreign Act.—In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
. . . .
b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade.

**4.** Section 1–75.4(4) requires that Dowless only claim injury, not prove injury. *See Vishay*, 696 F.2d at 1067.

**5.** Finding local injury under the facts herein is in accordance with the mandate that the North Carolina long-arm statute receive liberal construction, in favor of finding jurisdiction. *See Vishay*, 696 F.2d at 1065; *Marion v. Long*, 72 N.C.App. 585, 325 S.E.2d 300 (1985); *cf. Sherwood v. Sherwood*, 29 N.C.App. 112, 115, 223 S.E.2d 509, 512 (1976) ("The term 'injury to person or property' as used in § 1–75.4(3) should be given a broad meaning . . . which negates the intent to limit the actions thereunder to traditional claims for bodily injury and property damages.")

establishes jurisdiction under § 1–75.-4(4)(b).

■ We now address whether, under the facts of this case, jurisdiction pursuant to § 1–75.4(4)(b) will violate the due process clause. We find no such violation.

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The sale and use of Warren-Rupp's products in North Carolina constitute the required minimum contacts. By these activities, Warren-Rupp has "purposefully avail[ed] itself of the privilege of conducting activities within [North Carolina], thus invoking the benefits and protections of its laws." *Hansen v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *cf. Hankins,* 39 N.C. App. at 621, 251 S.E.2d at 643 (due process requirements satisfied in applying § 1–75.-4(4) under facts analogous to those of instant case).

For the foregoing reasons, we reverse the dismissal by the district court and remand for further proceedings.

REVERSED AND REMANDED.